UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SHANNON JACOBS, | ) Case No. CV 12-8368-GAF(AJW) |
|     Petitioner, | ) MEMORANDUM AND ORDER |
|     v. | ) DISMISSING PETITION |
| STANDING DIRECTOR OF CDCR, | ) |
|     Respondent. | ) |

On September 17, 2002, petitioner pleaded no contest to two counts of second degree murder and admitted that he had used a weapon during the commission of the crimes. He was sentenced to state prison for two terms of fifteen years to life. Petitioner did not appeal. [Petition at 2]. Petitioner filed numerous state habeas petitions, all of which were denied. [Petition at 3-5].

On November 1, 2005, petitioner filed a habeas petition in this Court. Case No. CV 05-8537-GAF(AJW).[1] Judgment dismissing the petition as untimely was entered on June 27, 2006. Petitioner's requests for a certificate of appealability were denied both by this Court and by the

---

[1] The Court takes judicial notice of official court files. See Fed. R. Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

Ninth Circuit Court of Appeals.

Petitioner filed a second habeas petition in this Court on January 6, 2009. Case No. CV 09-0070-GAF(AJW). That petition was dismissed for lack of jurisdiction. Both this Court and the Ninth Circuit Court of Appeals denied petitioner's requests for a certificate of appealability.

Petitioner filed the present habeas petition in this Court on September 28, 2012. Like the petition filed in Case No. CV 05-8537-GAF(AJW), this petition also challenges petitioner's 2002 murder conviction. [Petition at 2].

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). A federal court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and those new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). It is not the district court, however, that decides whether a second or successive petition meets the requirements permitting a petitioner to file a second or successive petition. Rather, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see Felker v. Turpin, 518 U.S. 651, 656-657 (1996). Absent authorization from the Court of Appeals, this Court lacks jurisdiction over this

second or successive petition. <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1277 (9th Cir.), <u>cert. denied</u>, 519 U.S. 1102 (1997).

Petitioner's first federal habeas petition was dismissed with prejudice as untimely. A dismissal with prejudice under the statute of limitation renders subsequent petitions successive under the AEDPA. <u>McNabb v. Yates</u>, 576 F.3d 1028, 1029-1030 (9th Cir. 2009) (per curiam). Because petitioner has not obtained leave from the Court of Appeals to file a successive petition, this Court lacks jurisdiction to consider it. Accordingly, the petition for a writ of habeas corpus is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: <u>October 25, 2012</u>

_____
Gary A. Feess
United States District Judge

3

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SHANNON JACOBS, | ) Case No. CV 12-8368-GAF(AJW) |
| Petitioner, | ) |
| | ) JUDGMENT |
| v. | ) |
| STANDING DIRECTOR OF CDCR, | ) |
| Respondent. | ) |

It is hereby adjudged that the petition for a writ of habeas corpus is dismissed for lack of jurisdiction.

Dated: October 25, 2012

_____
Gary A. Feess
United States District Judge